FARMERS' & MERCHANTS' BANK OF VANDALIA, ILL., v. MAINES.

(Circuit Court of Appeals, Sixth Circuit. April 2, 1912.)

No. 2,229.

1. SHERIFFS AND CONSTABLES (§ 138*)—INSUFFICIENT LEVY—EVIDENCE.

Where, in an action against a sheriff for failing to levy on sufficient property to satisfy a debt, it appeared that after the levy the debtor mortgaged certain chattels, and the nominal mortgagee testified that the mortgage was executed and filed without his knowledge, and that he lent no money to or had no transaction with the debtor, and such testimony was not contradicted, the mortgage was properly excluded.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 290–296; Dec. Dig. § 138.*]

2. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL—MATTER COVERED.

Instructions substantially covered by those given are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

3. TRIAL (§ 250*)—INSTRUCTIONS—REFUSAL—INAPPLICABILITY TO CASE.

Instructions inapplicable to the case are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.*]

In Error to the Circuit Court of the United States for the Eastern District of Michigan.

Action by the Farmers' & Merchants' Bank of Vandalia, Ill., against Harrison W. Maines. Judgment for defendant, and plaintiff brings error. Affirmed.

J. A. Muir and B. B. Selling (Ashcraft & Ashcraft, on the brief), for plaintiff in error.

P. H. Phillips and S. O. Van De Mark (Brennan, Donnelly & Van De Mark, on the brief), for defendant in error.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SATER, District Judge.

PER CURIAM. This is the second time, we may say the third time, we have had occasion to consider this cause. It is an action to recover damages for alleged failure and neglect of Maines, as sheriff, fully to execute a writ of attachment. The case has been heard in the court below four times with a jury. Upon the first two trials the jury disagreed; the third resulted in a directed verdict in favor of plaintiff for $294.79; and in the last trial the verdict was for defendant. It is not necessary to restate the facts of the case. They sufficiently

appear in our original decision, and the decision rendered on the rehearing. 183 Fed. 37, 46, 105 C. C. A. 329. The question of burden of proof as to value of property not seized under the attachment, which was discussed in the original opinion, does not arise here; for at the last trial plaintiff in the first instance offered proof as to both the existence and value of such property. The chattel mortgage treated of at the rehearing was received in evidence at the last trial; and the question arising under that mortgage—as well as the one respecting an exemption allowed to Mrs. Board, the nonresident attachment debtor— were disposed of as questions of fact at the last trial.

[1] The nominal mortgagee, Atkinson, testified in substance that the chattel mortgage was executed and filed without his knowledge, and that he loaned no money to, and had no transaction with, Mrs. Board. The plaintiff not desiring to offer evidence to contradict Atkinson, the court, on motion, excluded the mortgage. This ruling is in harmony with the theory on which the rehearing was granted and the judgment reversed. 183 Fed. 47, 49, 105 C. C. A. 329. The articles set off to Mrs. Board under her claim of exemption, the value of which was found, and resulted in a directed verdict in her favor for $294.79 at the third trial, became the subject of an issue of fact at the last trial as to whether plaintiff's attorney had, at the time the exemption was claimed, instructed the sheriff to allow it, and so was disposed of by the verdict.

The case was submitted to the jury upon a full statement and explanation of the issues of fact arising under the pleadings and evidence. Study of the charge satisfies us that it is grounded upon a clear analysis of the applicable law. It is helpful in methods suggested for investigating and weighing the evidence, and is so arranged as to enable a jury to apply the law to the conclusions of fact when reached. If we may judge from questions appearing in the record as put to the court by jurors, we think it safe to say that the jury gained a clear understanding of its duties and of the case.

[2, 3] We have considered the evidence, the requests for special instructions, and the assignments of error. Some of the instructions requested by the plaintiff were in substance incorporated in the charge, some were inapplicable to the case, and others did not state the law; and we find no material or prejudicial error. We think the learned trial judge, in his opinion on the motion for a new trial, stated controlling reasons why the motion should be denied.

The judgment must be affirmed, with costs.